FILED

2010 MAR 12 PM 12:31

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

Stanley S. Arkin (Cal. Bar No. 058951)
sarkin@arkin-law.com
ARKIN KAPLAN RICE LLP
590 Madison Avenue, 35th Floor
New York, New York 10022
Tel: (212) 333-0200
Fax: (212) 333-2350

3530 Bayberry Lane
Malibu, CA. 90265
Tel: (917) 250-8988
Fax: (310) 456-0528

*Attorneys for Defendant*
The Principality of Monaco

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ODW   PJWx

Case No. CV10 1803

| | |
|---|---|
| ROBERT ERINGER, | [Superior Court of the State of California, County of Santa Barbara, Anacapa Division, Case No. 1340649] |
| Plaintiff, | |
| vs. | |
| Principality OF MONACO and DOES 1 through 100, | **NOTICE OF REMOVAL** |
| Defendants. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND ALL PARTIES OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1330, 1441, and 1446, Defendant The Principality of Monaco ("Defendant") hereby removes to this Court the state court action entitled *Robert Eringer v. Principality of Monaco and Does 1 through 100*, Case No. 1340649, originally filed by Robert Eringer ("Plaintiff") on November 19, 2009 in the Superior Court of the State of California for the County of Santa Barbara, Anacapa Division (the "State Court Action"). In support of this Notice of Removal, Defendant states as follows:

## I. THIS NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED

1. On November 19, 2009, Plaintiff filed a Summons and Complaint in the Superior Court of California for the County of Santa Barbara, Anacapa Division, alleging breach of contract and fraud on the part of Defendant.

2. The Principality of Monaco is a foreign sovereign state and a United States ally. *See* http://www.state.gov/r/pa/ei/bgn/3397.htm#relations.

3. The Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 et seq., sets forth the following requirements for service of process upon a foreign state:

    (a) Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

        (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

        (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

        (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

        (4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary

> shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.
>
> As used in this subsection, a "notice of suit" shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation.

28 U.S.C. § 1608(a).

4. In the case of the Principality of Monaco, the applicable international convention is the Hague Service Convention, which requires that service include the delivery of a French translation of the summons and complaint to the Department designated by Monaco to receive judicial service.

5. No such service had been effectuated in this case. A court cannot obtain jurisdiction over a foreign state defendant unless the plaintiff has complied with the FSIA's service requirements. *Straub v. AP Green, Inc.*, 38 F.3d 448, 453 (9th Cir. 1994) ("Failure to deliver a complaint in the correct language is such a fundamental defect that it fails [] a 'substantial compliance' test.").

6. As a result of Plaintiff's failure to properly serve Defendant with a copy of the initial pleading, this removal action is timely. A defendant has thirty days from proper service of the initial summons to remove a case to federal court. 28 U.S.C. § 1446(b) (2009). In this case, the thirty-day period has not even begun. *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344 (1999) (holding that the thirty-day period for removal does not begin until defendant is formally served with a summons); *In Soo Chun v. Uwajimaya Inc.*, 33 Fed. Appx. 330 (9th Cir. 2002) (removal permitted because notice filed within 30 days of properly served process). In any event, Defendant notes that under 28 U.S.C. § 1441(d), the 30-day time period set forth in 28 U.S.C. § 1446(b) "may be enlarged at any time for cause shown."

7. A defendant is also empowered to remove a case to federal court before being formally served or having otherwise appeared in the state court action. *See Rodriguez v. Transnave Inc.,* 8 F.3d 284 (5th Cir. 1993).

8. Venue in this Court is proper under 28 U.S.C. § 1441(d), which provides removal by a foreign state of "any civil action brought in a State court against a foreign state" to the district court of the United States for the district and division embracing the state court where the action is pending.

## II.   GROUNDS FOR REMOVAL

9. The State Court Action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1330(a) – and is one that may be removed to this Court by the Principality of Monaco pursuant to 28 U.S.C. § 1441(d) – in that it is a civil action brought against a foreign state as to a claim for relief in personam with respect to which, the Plaintiff argues, the foreign state is not entitled to immunity under the FSIA or under any applicable international agreement.

10. The Principality of Monaco is recognized by the United States as a foreign sovereign state and the Court may take judicial notice of this fact. *Roe v. Unocal,* 70 F. Supp. 2d 1073 (1999).[1] The Foreign Sovereign Immunities Act is the sole basis for United States courts to obtain subject-matter jurisdiction over a foreign state. *See Argentine Republic v. Amerada Hess Shipping Corp.,* 488 U.S. 428 (1989); *Orient Mineral Co. v. Bank of China,* 506 F.3d 980 (10th Cir. 2007); *Phaneuf v. Republic of Indonesia,* 106 F.3d 302 (9th Cir. 1997); *Adler v. Federal Republic of Nigeria* 107 F.3d 720 (9th Cir. 1997); *Holden v. Canadian Consulate,* 92 F.3d 918 (9th Cir. 1996).

11. Thus, pursuant to 28 U.S.C. §§ 1330(a) and 1441(d), this action is removable to this Court. *See California Department of Water Resources v. Powerex*

---

[1] http://www.state.gov/r/pa/ei/bgn/3397.htm#relations

*Energy Corp.,* 533 F.3d 1087 (9th Cir. 2008) (defendant organ of foreign state empowered to remove civil action to federal court for bench trial); *USX Corporation v. Adriatic Insurance Co.,* 345 F.3d 190 (3rd Cir. 2003) (defendant organ of Republic of Ireland properly removed action to federal court under 28 U.S.C. § 1441); *Leith v. Lufthansa German Airlines,* 793 F. Supp. 808 (N.D. Ill. 1992) (by removing state court peculiarities and possible biases, Congress's objective of uniformity will be furthered when the federal court system adjudicates controversies involving foreign states); *Williams v. The Shipping Corporation of India,* 489 F. Supp. 526 (E.D.Va. 1980) (FSIA reflects Congress's clear intent to provide foreign states with the right to remove state actions to federal courts); *Gray v. Permanent Mission of the People's Republic of the Congo,* 443 F.Supp. 816 (S.D.N.Y. 1978) (FSIA clearly intended to encourage the bringing of actions against foreign states in federal courts).

     12.    Pursuant to 28 U.S.C. §§ 1330 and 1441, the citizenship of Defendants Does 1 to 100 (*i.e.*, possibly nondiverse parties) is disregarded for the purposes of removal. *See Tri-Ex Enterprises, Inc. v. Morgan Guaranty Trust Co.,* 596 F. Supp 1 (S.D.N.Y. 1982) (federal district court had subject-matter jurisdiction over controversy between plaintiff citizen of New York and defendant foreign state, notwithstanding that other defendants were also citizens of New York); *Williams v. The Shipping Corporation of India,* 489 F.Supp. 526 (E.D.Va. 1980) (28 U.S.C. § 1441(d) permits removal of civil action to federal court at the discretion of the foreign state even if there are multiple defendants who do not want removal or are citizens of the state in which the action originated).

### III. OTHER PROCEDURAL REQUIREMENTS

     13.    Notice of the filing of this Notice of Removal will be promptly served on all adverse parties and filed with the Clerk for the Superior Court of California, County of Santa Barbara, Anacapa Division, pursuant to 28 U.S.C. § 1446(d).

14. Pursuant to 28 U.S.C. § 1446(a), no process, pleadings or orders have been properly or formally served upon Defendant in this case.

15. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

WHEREFORE, Defendant removes the State Court Action from the Superior Court of the State of California for the County of Santa Barbara, Anacapa Division to the United States District Court for the Central District of California.

Dated: Los Angeles, California
March 11, 2010

ARKIN KAPLAN RICE LLP

By _____
STANLEY S. ARKIN
(Cal. Bar No. 058951)

*Attorneys for Defendant*
*The Principality of Monaco*

# Exhibit A

Case 2:10-cv-01803-GAF-E   Document 1   Filed 03/12/10   Page 7 of 16   Page ID #:7

| | SUM-100 |
|---|---|
| **SUMMONS** (CITACION JUDICIAL) | FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) |
| NOTICE TO DEFENDANT: (AVISO AL DEMANDADO): PRINCIPALITY OF MONACO, and DOES 1 through 100 inclusive | **FILED** SUPERIOR COURT of CALIFORNIA COUNTY of SANTA BARBARA NOV 19 2009 GARY M. BLAIR, Executive Officer BY _Marilee A. Jay_ Marilee A. Jay, Deputy Clerk |
| YOU ARE BEING SUED BY PLAINTIFF: (LO ESTÁ DEMANDANDO EL DEMANDANTE): Robert Eringer | |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es): Superior Court of the State of California, County of Santa Barbara, Anacapa Division, 1100 Anacapa Street, Santa Barbara, CA 93101 | CASE NUMBER: (Número del Caso): 1340649 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Brigham J. Ricks, Ricks Law, P.O. Box 3370, Santa Barbara, CA 93130 (805) 618-1111

| DATE: (Fecha) NOV 19 2009 | Clerk, by (Secretario) **MERILEE A. JAY** GARY M. BLAIR, EXECUTIVE OFFICER | , Deputy (Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1 Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Brigham J. Ricks, SBN 224750<br>RICKS LAW<br>P.O. Box 3370<br>Santa Barbara, CA 93130<br>TELEPHONE NO: 805-618-1111  FAX NO. (Optional): 805-357-3705<br>E-MAIL ADDRESS (Optional): brigham@rickslaw.com<br>ATTORNEY FOR (Name): Robert Eringer | **FILED**<br>SUPERIOR COURT of CALIFORNIA<br>COUNTY of SANTA BARBARA<br>NOV 19 2009<br>GARY M. BLAIR, Executive Officer<br>BY _Merilee A. Jay_ Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA
STREET ADDRESS: 1100 Anacapa Street
MAILING ADDRESS: 1100 Anacapa Street
CITY AND ZIP CODE: Santa Barbara, CA 93101
BRANCH NAME: Anacapa Division

PLAINTIFF: Robert Eringer

DEFENDANT: Principality of Monaco

[✓] DOES 1 TO 100

**CONTRACT**
[✓] COMPLAINT     [ ] AMENDED COMPLAINT (Number):
[ ] CROSS-COMPLAINT     [ ] AMENDED CROSS-COMPLAINT (Number):

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE
    Amount demanded [ ] does not exceed $10,000
                    [ ] exceeds $10,000 but does not exceed $25,000
[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER: **1340649**

1. Plaintiff* (name or names):
   Robert Eringer
   alleges causes of action against defendant* (name or names):
   Principality of Monaco and DOES 1 to 100
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. a. Each plaintiff named above is a competent adult
      [ ] except plaintiff (name):
          (1) [ ] a corporation qualified to do business in California
          (2) [ ] an unincorporated entity (describe):
          (3) [ ] other (specify):
   b. [ ] Plaintiff (name):
      a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name (specify):
      b. [ ] has complied with all licensing requirements as a licensed (specify):
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
      [✓] except defendant (name): Principality of Monac     [ ] except defendant (name):
          (1) [ ] a business organization, form unknown          (1) [ ] a business organization, form unknown
          (2) [ ] a corporation                                  (2) [ ] a corporation
          (3) [ ] an unincorporated entity (describe):           (3) [ ] an unincorporated entity (describe):
          (4) [ ] a public entity (describe):                    (4) [ ] a public entity (describe):
          (5) [✓] other (specify): Foreign government            (5) [ ] other (specify):

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Code of Civil Procedure, § 425.12
American LegalNet, Inc.
www.FormsWorkflow.com

PLD-C-001

| SHORT TITLE: Eringer v. Monaco | CASE NUMBER: |
|---|---|

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) [✓] Doe defendants *(specify Doe numbers)*: 1 - 50 _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) [✓] Doe defendants *(specify Doe numbers)*: 50 - 100 _____ are persons whose capacities are unknown to plaintiff.
   c. [ ] Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

5. [ ] Plaintiff is required to comply with a claims statute, and
   a. [ ] has complied with applicable claims statutes, *or*
   b. [ ] is excused from complying because *(specify)*:

6. [ ] This action is subject to     [ ] Civil Code section 1812.10     [ ] Civil Code section 2984.4.

7. This court is the proper court because
   a. [ ] a defendant entered into the contract here.
   b. [ ] a defendant lived here when the contract was entered into.
   c. [ ] a defendant lives here now.
   d. [✓] the contract was to be performed here.
   e. [ ] a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. [ ] real property that is the subject of this action is located here.
   g. [ ] other *(specify)*:

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   [✓] Breach of Contract
   [ ] Common Counts
   [✓] Other *(specify)*:
   Fraud

9. [ ] Other allegations:

10. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. [✓] damages of: $ 40,000 Euros
    b. [✓] interest on the damages
       (1) [✓] according to proof
       (2) [ ] at the rate of *(specify)*:     percent per year from *(date)*:
    c. [ ] attorney's fees
       (1) [ ] of: $
       (2) [ ] according to proof.
    d. [ ] other *(specify)*:

11. [✓] The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers)*: BC-1-4, FR-1-6

Date: November 16, 2009

Brigham J. Ricks
_____
(TYPE OR PRINT NAME)

▶ /s/ Brigham J. Ricks
_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001 [Rev. January 1, 2007]     **COMPLAINT—Contract**     Page 2 of 2

PLD-C-001(1)

| SHORT TITLE: Eringer v. Monaco | CASE NUMBER: |
|---|---|

1_____ **CAUSE OF ACTION—Breach of Contract**
   (number)

ATTACHMENT TO ☑ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* Robert Eringer

   alleges that on or about *(date):* June 16, 2002
   a ☐ written ☑ oral ☐ other *(specify):*
   agreement was made between *(name parties to agreement):*
   Plaintiff and Prince Albert II, then hereditary prince of the Principality of Monaco
   ☐ A copy of the agreement is attached as Exhibit A, or
   ☑ The essential terms of the agreement ☐ are stated in Attachment BC-1 ☑ are as follows *(specify):*

   In exchange for a quarterly payment, plaintiff was to act as Prince Albert's private intelligence advisor. On April 6, 2005, Prince Albert II became the sovereign ruler of Monaco and requested that plaintiff continue his services in addition to creating and operating the Monaco Intelligence Service, an unofficial private intelligence group to advise Prince Albert and the government of Monaco in an unofficial capacity in exchange for a quarterly payment.

BC-2. On or about *(dates):* January 1, 2008
   defendant breached the agreement by ☐ the acts specified in Attachment BC-2 ☑ the following acts *(specify):*

   Defendant failed to pay plaintiff for the first quarter of 2008, due and payable on January 1, 2008. The amount owed was 40,000 Euros.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
   ☐ as stated in Attachment BC-4 ☑ as follows *(specify):*
   Plaintiff performed all services requested by defendant for the first quarter of 2008 (January - March 2008) but defendant has not paid for the services in the agreed amount of 40,000 Euros.

BC-5. ☐ Plaintiff is entitled to attorney fees by an agreement or a statute
   ☐ of $
   ☐ according to proof.
BC-6. ☐ Other:

Page 3

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION—Breach of Contract**

Page 1 of 1
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

|  |  |
|---|---|
| | PLD-C-001(3) |
| SHORT TITLE: Eringer v. Monaco | CASE NUMBER: |

__2__   **CAUSE OF ACTION—Fraud**
_(number)_

ATTACHMENT TO  [✓] Complaint   [ ] Cross-Complaint

_(Use a separate cause of action form for each cause of action.)_

FR-1. Plaintiff _(name)_: Robert Eringer

alleges that defendant _(name)_: Principality of Monaco and DOES 1 to 100

on or about _(date)_: December 2, 2008       defrauded plaintiff as follows:

FR-2. [✓] **Intentional or Negligent Misrepresentation**
 a. Defendant made representations of material fact  [ ] as stated in Attachment FR-2.a  [✓] as follows:

 Defendant, through its sovereign, Prince Albert, instructed plaintiff to continue providing private intelligence services in exchange for quarterly payment in the amount of 40,000 Euros.

 b. These representations were in fact false. The truth was  [ ] as stated in Attachment FR-2.b  [✓] as follows:

 Defendant did not intend to make any quarterly payment to plaintiff for his private intelligence services during the first quarter of 2008.

 c. When defendant made the representations,
  [✓] defendant knew they were false, or
  [ ] defendant had no reasonable ground for believing the representations were true.

 d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described in item FIR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. [✓] **Concealment**
 a. Defendant concealed or suppressed material facts  [ ] as stated in Attachment FR-3.a  [✓] as follows:

 Defendant did not tell plaintiff that it did not intend to pay him for services and did not respond to telephone messages and letters inquiring about this matter.

 b. Defendant concealed or suppressed material facts
  [✓] defendant was bound to disclose.
  [ ] by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed or suppressed facts.

 c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act as described in item IFIR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed facts and would not have taken the action if plaintiff had known the facts.

Page __4__

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(3) [Rev. January 1, 2007]         **CAUSE OF ACTION—Fraud**         Page 1 of 2
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

|  |  |
|---|---|
| SHORT TITLE:<br>Eringer v. Monaco | CASE NUMBER: |

PLD-C-001(3)

2   **CAUSE OF ACTION—Fraud**
(number)

FR-4. [✓] **Promise Without Intent to Perform**
  a. Defendant made a promise about a material matter without any intention of performing it [ ] as stated in Attachment FR-4.a [✓] as follows:

  Defendant promised to pay plaintiff 40,000 Euros for the first quarter of 2008, in exchange for plaintiff providing private intelligence services.

  b. Defendant's promise without any intention of performance was made with the intent to defraud and induce plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5. In justifiable reliance upon defendant's conduct, plaintiff was induced to act [ ] as stated in Attachment FR-5 [✓] as follows:

  Plaintiff provided private intelligence services requested by defendant during the first quarter of 2008 (January through March) based on the promised payment of 40,000 Euros. Plaintiff did not receive any payment from defendant.

FR-6. Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged [ ] as stated in Attachment FR-6 [✓] as follows:

  Plaintiff did not recieve the agreed payment for his services in the amount of 40,000.

FIR-7. Other:

PLD-C-001(3) [Rev. January 1, 2007]   **CAUSE OF ACTION—Fraud**   Page   5

Page 2 of 2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

**CV10- 1803 ODW (PJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ROBERT ERINGER | PRINCIPALITY OF MONACO, and DOES 1 through 100 inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| BRIGHAM J. RICKS (SBN 224750)   P.O Box 3370<br>RICKS LAW   Santa Barbara, CA 93130-3370<br>   Telephone: 805-884-9538 | STANLEY S. ARKIN (SBN 58951)   3530 Bayberry Lane<br>ARKIN KAPLAN RICE LLP   Malibu, CA 90265<br>   Telephone 917-250-8988 |

### II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

### V. REQUESTED IN COMPLAINT: JURY DEMAND: ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
CLASS ACTION under F.R.C.P. 23: ☐ Yes ☒ No        ☒ MONEY DEMANDED IN COMPLAINT: $ 40,000 Euros

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Foreign Sovereign Immunities Act [28 U.S.C. §§ 1602 et seq.]. This is a civil action brought against a foreign state and is removable under 28 U.S.C § 1441(d).

### VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV10 1803

FOR OFFICE USE ONLY:    Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                                                  CIVIL COVER SHEET                                                                  Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): Robert Eringer v. His Serene Highness Prince Albert II of Monaco, CV09-8032 GAF

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☑ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | The Principality of Monaco |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | The Principality of Monaco |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 03/11/10

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |